# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANIEL AND ROSEANNE FEISTEL,

    Plaintiffs,

  v.                                                                Case No. 08-C-75

UNITED STATES POSTAL SERVICE, et al.,

    Defendants.

## ORDER

    The plaintiffs brought suit against Theresa Krake, the United States Postal Service, and a number of insurance companies for injuries arising out of an accident between plaintiff Daniel Feistel and Krake, a postal carrier. On April 7, 2008, the USPS and Krake moved for dismissal on the basis that the plaintiffs failed to exhaust their administrative remedies, as required by the Federal Tort Claims Act, 28 U.S.C. § 2675(a). The plaintiffs have not responded to the motion.

    The exhaustion requirement reads as follows:

> An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of the agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . . .

28 U.S.C. § 2675(a). The requirement has been strictly applied, meaning that it is not enough for a plaintiff to file an administrative claim soon after beginning his lawsuit. *McNeil v. United States,*

508 U.S. 106, 112 (1993). Here, it is undisputed that the plaintiffs did not file a claim with the USPS until after they began this lawsuit. Accordingly, their claims against the USPS and Krake will be dismissed for failure to exhaust.

The government notes there is some procedural baggage involved – namely, there is an unresolved question of whether failure to exhaust is jurisdictional (subject to Rule 12(b)(1) dismissal) or whether dismissal should be based on Rule 12(b)(6). It seems the failure to exhaust is probably *not* a jurisdictional matter but rather a precondition to the plaintiff's statutory right to relief. *See, e.g., Frey v. EPA,* 270 F.3d 1129, 1135-36 (7th Cir.2001). As such, exhaustion should be addressed under Rule 12(b)(6), not 12(b)(1). But under Rule 12(b)(6), the allegations contained in the complaint are what matter and a court may not generally look outside the pleadings. *See McCoy v. Goord,* 255 F.Supp.2d 233, 251 (S.D.N.Y. 2003) (discussing problem and suggesting motions for failure to exhaust be treated as "unenumerated" 12(b) motions). Here, the complaint is silent on exhaustion and thus the government notes that this court would have to look outside the pleadings to rule on the question.

The government proposes that the court could "convert" the motion to dismiss into a summary judgment motion, Fed. R. Civ. P. 12(d), but that would require the additional step of affording notice to the parties affected. *Air Line Pilots Ass'n, Intern. v. Department of Aviation of City of Chicago,* 45 F.3d 1144, 1154 n.6 (7th Cir. 1995).[1] Instead, the Seventh Circuit has suggested that a district court may take judicial notice of the fact that the plaintiffs have failed to timely exhaust their administrative remedies. *Palay v. United States,* 349 F.3d 418, 425 (7th Cir. 2003) (taking judicial notice of exhaustion); *Shakuur v. Costello,* 230 Fed. Appx. 199, 201 (3d. Cir.

---

[1]It is debatable whether this is the sort of case in which notice would be required. *See Schaumberger v. United States,* 2007 WL 1521502, at *1-2 (E.D. Wis. 2007).

2007) (taking judicial notice of failure to exhaust and prison's internal grievance procedure). Thus, although the complaint itself does not allow the court to conclude that the plaintiffs have failed to exhaust, their failure to do so on a timely basis is a matter of agency record with significant reliability. (Crump Decl., ¶ 5.) It is also uncontested. As such, I may take judicial notice of the plaintiffs' failure to exhaust.

Accordingly, in a case when the exhaustion question is not contested and involves judicial notice, the court need not "convert" the motion to dismiss into one for summary judgment and provide parties the additional notice that precedent requires. Instead, a court may take judicial notice of exhaustion defects and dismiss the claim under Rule 12(b)(6). The defendants' motion to dismiss is **GRANTED**, and the claims against the United States and Krake are dismissed for failure to exhaust.

**SO ORDERED** this   12th   day of May, 2008.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge